## MINNEAPOLIS AND ST. LOUIS RAILROAD COMPANY *v.* STATE OF MINNESOTA *ex rel.* THE RAILROAD AND WAREHOUSE COMMISSION.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 138.   Argued January 21, 1904.—Decided February 23, 1904.

Where the constitutionality of a state statute is directly attacked in the answer, the Federal question has been so raised in the court below that it will be considered on the merits and the motion to dismiss denied.

To establish stations at proper places is the proper duty of a railroad company, and it is within the power of the States to make it *prima facie* a duty of the companies to establish them at all villages and boroughs on their respective lines.

Chapter 270, April 13, 1901, General Laws of Minnesota, requiring the erection and maintenance of depots by railroad companies on the order of the Railroad and Warehouse Commission under the conditions therein stated in that act, does not deny a railroad company the right to reasonably manage or control property or arbitrarily take its property without its consent, or without compensation or due process of law, and is not repugnant to the Constitution of the United States.

When the highest court of a State affirms a judgment although by a divided court it constitutes an affirmance of the finding of the trial court which then, like the verdict of a jury, is conclusive as to the facts upon this court.

THE facts are stated in the opinion of the court.

*Mr. Albert E. Clarke* for plaintiff in error:

The Supreme Court of the State, by a decision which has not been overruled, modified or criticised, has once decided upon the merits against the attempt to compel the plaintiff in error to establish and maintain a station at Emmons. In the former proceeding the relator attempted to justify its order for the establishment of the station, under two statutes, viz: (1) Under the section 388, Gen. Stat. of 1894, and (2) under chapter 94, Gen. Laws of 1897; the former defines the powers and duties of the general railroad and warehouse commission. It undoubtedly confers ample power and authority upon that body, to require the establishment and maintenance of stations, in

proper cases, and the court so held; but also held that this was not a proper case.

Chapter 94, Gen. Laws of 1897, was held not to apply as it relates to villages and boroughs and Emmons is neither. 76 Minnesota, 474.

In order to find support for the order under sec. 388, Gen. Stat. 1894, the relator must show a reasonable public necessity for the station; and in determining whether such necessity exists, regard must be had to the interests "not only of the particular locality, but also of the public at large, and of the railroad company." Every argument which can be made in support of the order is answered by the opinion upon the former trial. 76 Minnesota, 475.

The fact that Norman Station is in Iowa was held not to be entitled to any weight.

The decision above cited is the law of the case.

The relator has attempted to obtain a new trial of issues once adjudicated, by having the same plaintiff bring a second suit against the same defendant, in the same court, upon the same cause of action, and, ignoring the proceedings and adjudication formerly had, proceed to try the case over again. The decision of the state Supreme Court, above cited, is still the law of the State, but the reasons advanced in support of a different conclusion, are the minor and insignificant increases in the population and business of Emmons.

The decision of the state court now under review is an affirmance of the judgment of the District Court, by a divided Supreme Court. Such an affirmance does not overrule the actual decision. To give it that effect would be to hold that the District Court might thus overrule the Supreme Court. An affirmance by a divided court does not operate to settle the principles of law involved or have the effect of an opinion or decision. *Etting* v. *Bank of the United States*, 11 Wheat. 78; *Benton* v. *Woolsey*, 12 Pet. 27; *Holmes* v. *Jennison*, 14 Pet. 540; *In re Griel*, 171 Pa. St. 412; *Lessieur* v. *Price*, 12 How. 59; *Hanifan* v. *Armitage*, 117 Fed. Rep. 845.

It is only where the evidence is substantially different upon the second trial, that the case is not controlled by the first decision. Comparison of the records shows no important difference in the situation.

The right of the plaintiff in error to change its line in accordance with the proposed plan, submitted in evidence, is conferred by section 2750 of the General Statutes of 1894. That the proposed change would be for the public interest is manifest; that it should not be prevented, by the establishment of this station, is equally manifest.

Any change in the line; whereby the company is enabled to maintain the line at less expense, or operate it with greater safety and convenience and more economy, is, necessarily, a benefit to the public. *Fletcher* v. *Railway Company*, 67 Minnesota, 345.

Neither section 388, General Statutes of 1894, or chapter 270, General Statutes of 1901, is valid, when it is sought to apply its provisions to the facts in this case. The act is a police regulation and justifiable only when exercised to establish reasonable and wholesome ordinances not repugnant to the Constitution. Cooley's Const. Lim. (5th ed.) 707, 713; and § 577; Black's Const. Prohib. §§ 62, 64.

The power of the legislature, as well as of the courts, is limited to the requirements of the community. When property is taken unnecessarily and without reason, the taking is not due process of law. That the taking is under form of law, does not render the act less a violation of the Constitution. *Railway Company* v. *Chicago*, 166 U. S. 226; *Railway Company* v. *Nebraska*, 164 U. S. 403; Cooley's Const. Limitations (5th ed.), 435 (*356); *County of San Mateo* v. *Ry. Co.*, 13 Fed. Rep. 722; *Foule* v. *Mann*, 53 Iowa, 42.

Chapter 270, General Laws of 1901, is void upon its face. It is a mandatory statute, providing for no hearing; no judicial determination as to whether or not the station is necessary.

It does not make the establishment and maintenance of the proposed station, dependent upon the reasonableness of the

requirement, or the necessity for the station. It is not due process of law. Its enforcement takes the appellant's property, without due process of law, and deprives it of the equal protection of the laws, and is therefore violative of the Fourteenth Amendment. *Railroad Company* v. *Minnesota*, 134 U. S. 418; *Bank* v. *Sharp*, 6 How. 327.

The construction placed upon the act of 1901, by the state Supreme Court, has practically invalidated it. By the language of the act itself, no room is left for judicial determination as to the necessity for the station, when demanded by the inhabitants of an incorporated village.

*Mr. Howard H. Dunn*, with whom *Mr. W. B. Douglas*, Attorney General of the State of Minnesota, and *Mr. Lafayette French* were on the brief, for defendant in error:

The writ of error should be dismissed for want of jurisdiction, as no Federal question is necessarily involved in the judgment of the court below, or if there is a Federal question involved in the judgment the decision of the court below is so clearly right that the writ of error should be dismissed or the judgment affirmed.

No Federal question is necessarily involved in the judgment of the court below.

The construction of this statute by the Supreme Court of Minnesota could not deprive the railroad company proceeded against of its property without due process of law; nor did its construction raise a Federal question. *Phœnix Ins. Co.* v. *Gardner*, 11 Wall. 204. The construction given to a statute of a State, by the highest judicial tribunal of such State, is regarded as a part of the statute and is binding upon the courts of the United States; as to the proper construction of a statute, and as to what should be regarded as among its terms no Federal question can arise. *Morley* v. *Lake Shore Ry. Co.*, 146 U. S. 162.

The plaintiff in error has no interest to assert that General Laws of 1901, chapter 270, is unconstitutional because it might

be construed so as to cause it to violate the Constitution. Its right is limited solely to the inquiry whether in the case which it presents, the effect of applying the statute is to deprive it of its constitutional rights. *Castello* v. *McConnico*, 168 U. S. 674.

As the decision of the Supreme Court of Minnesota was upon a question not of a Federal character, and one broad enough to sustain the judgment, the writ of error should be dismissed. *Miller's Exec.* v. *Schwan*, 150 U. S. 132; *Morrow* v. *Brinkley*, 129 U. S. 178; *Hall* v. *Akers*, 132 U. S. 554; *New Orleans Water Works* v. *Louisiana*, 185 U. S. 336; *Railway Co.* v. *Fitzgerald*, 136 U. S. 556; *California Powder Works* v. *Davis*, 151 U. S. 389.

The holding of the state court, that the plaintiff in error did not overcome the *prima facie* case arising by virtue of the statute, does not present a Federal question; this court will not reëxamine the evidence to ascertain whether the evidence justified this finding of the court below. *Egan* v. *Hart*, 165 U. S. 188; *Eustis* v. *Bolles*, 150 U. S. 361; *Beatty* v. *Benton*, 135 U. S. 244.

If there is a Federal question involved in the judgment the decision of the court below is so clearly right that the writ of error should be dismissed or the judgment affirmed. *N. Y. & N. E. R. R. Co.* v. *Bristol*, 151 U. S. 556; *N. Y. & N. E. R. R. Co.* v. *Woodruff*, 153 U. S. 689; *Chicago, etc., Ry. Co.* v. *Nebraska*, 170 U. S. 74.

Subject to the authority of Congress within the sphere of its rightful powers, and subject to any restriction imposed by the Constitution, the legislature of each State possesses full power to enact police regulations of railways. Cases *supra* and *Gladson* v. *Minnesota*, 166 U. S. 427; *Charlotte, etc., R. R. Co.* v. *Gibbes*, 142 U. S. 386; *Wisconsin &c. R. R. Co.* v. *Jacobson*, 179 U. S. 287, 296. As to authority of railway commissions to act in regard to depots and waiting rooms, see *State &c.* v. *M. & St. L. R. R. Co.*, 76 Minnesota, 469; *State* v. *Chicago &c. R. R. Co.*, 12 S. Dak. 305.

In many jurisdictions statutory regulations as to the estab-

OCTOBER TERM, 1903.

lishment and erection of depots at proper places along the route of the road have been sustained as a proper exercise of police power. *Commonwealth* v. *Eastern R. R. Co.*, 103 Massachusetts, 254; *R. R. Commissioners* v. *Portland, etc., R. R. Co.*, 63 Maine, 269; *State* v. *New Haven R. R. Co.*, 37 Connecticut, 153; *State* v. *Wabash, etc., R. R. Co.*, 83 Missouri, 144; *San Antonio, etc., R. R. Co.* v. *State*, 79 Texas, 264; *State* v. *Kansas City, etc., R. R. Co.*, 32 Fed. Rep. 722.

The requirement of the plaintiff in error to build and maintain a depot or station house at the village of Emmons was a reasonable exercise of the power of regulation in favor of the interest and for the accommodation of the public.

A railroad company cannot, in consideration of a tax voted to aid in its construction, bind itself to build a station or depot at a particular point without reference to a change of population or the demand of business or the accommodation of the public, in the matter of transportation and travel, and plead that and its close proximity as a justification for not building and maintaining a depot where public necessity reasonably requires one to be maintained in order to accommodate the public in the matter of transportation and travel.

The number and location of the depots so as to constitute reasonable depot facilities vary with the changes and amount of population and business. A contract to leave a certain distance along the line of road destitute of depots is in contravention of public policy. *St. Joseph & Denver R. R. Co.* v. *Ryan*, 11 Kansas, 602; *Marsh* v. *Railway Co.*, 64 Illinois, 414; *St. L., etc., R. R. Co.* v. *Mathers*, 71 Illinois, 592.

A railroad cannot refuse to obey the commands of the legislature when the public interest reasonably requires the building of a station house, because the company will entail an expense of $3,000. The statute provides the size, height and dimensions of a station house which is required to be built. Gen. Stat. 1894, § 2702; Gen. Stat. 1897, chap. 94, § 1; *M. L. & T. R. Co.* v. *R. R. Com.*, 109 Louisiana, 247.

The commission simply required the plaintiff in error to con-

struct its station of the size and dimensions which the statute requires shall be built under the circumstances.

The location of stations for receiving and delivering passengers and freight involves a comprehensive view of the interests of the public as well as of the railroad company, and its interest can be better determined by an administrative board intrusted by the legislature with that duty than by the ordinary judicial tribunal. *Steenerson* v. *G. N. Ry. Co.*, 69 Minnesota, 353, 376; *Nor. Pac. R. R. Co.* v. *Dustin*, 142 U. S. 492, 499.

MR. JUSTICE McKENNA delivered the opinion of the court.

This is a proceeding in mandamus to compel plaintiff in error to build and maintain a station house on the line of its road at the village of Emmons, in compliance with an order of the Railroad and Warehouse Commission of the State of Minnesota.

The order of the commission was made upon petition and upon hearing after due notice to plaintiff in error. The writ was granted by the District Court of Freeborn County, where the proceedings were commenced.

The railroad company in its answer attacks the statute under which the commission acted as follows:

"This respondent says further, that chapter 270, General Laws, 1901, approved April 13, 1901, which was enacted by the legislature of said State at its thirty-second session, which arbitrarily requires railroad carriers to provide freight and passenger rooms and depots at all villages and boroughs upon their respective roads, without regard to the necessity therefor and without regard to the location or situation of such village or boroughs, or to existing conditions, is unjust, unreasonable, contrary to public policy and void.

"It denies to the respondent the right to reasonably manage or control its own business; it takes its property without its consent.

"It takes the property of this respondent arbitrarily and un-

necessarily, for public use, without just compensation, and is; therefore, violative of the Fifth Amendment to the Constitution of the United States.

"It deprives the respondent of its property without due process of law, and denies it the equal protection of the laws, and thus violates the Fourteenth Amendment to the Constitution of the United States."

The Supreme Court of the State affirmed the judgment of the District Court, the members of the court equally dividing on the facts. 91 N. W. Rep. 465.

This is the second attempt of the village of Emmons to secure a depot. The first was unsuccessful, 76 Minnesota, 469, "wherein the facts are stated," the Supreme Court observed, and it further observed, passing on the case at bar:

"Mr. Associate Justice Lovely having been of counsel for the village in the former proceeding, was disqualified from sitting at the hearing of this appeal, and the cause was necessarily argued and submitted to the four remaining members of the court. We assume that the Laws, 1901, chapter 270, which in express terms requires railway companies to build and maintain depots or station houses in all villages through which their roads may pass, is in itself valid legislation, and not open to the objection that it is not within the legislative power to enact such a law. With this assumption no dispute has arisen over a construction of the act, to the effect that all incorporated villages within this State located on railway lines are *prima facie* entitled to depots. The commissioners have the power to order the erection and maintenance of depot buildings unless it is made to appear that such an order would be so unreasonable in its terms as to actually result in depriving the company proceeded against of its property without due process of law. The change made by the statute of 1901 simply affects or shifts the burden of proof, for prior to its enactment the burden was on the municipality to establish the reasonableness and necessity of a depot therein, while now a railway company appearing before the commissioners, or trying its case on appeal to the District Court, bears the burden of showing that such a requirement is not called for, and that

the building and maintenance of a depot in the village is unnecessary and unreasonable.

" But while agreeing as to this interpretation of the law, we fail to reach the same conclusion in respect to the facts.   We do not question the correctness of the conclusion reached when considering the former appeal.   But two members of the court, Mr. Chief Justice Start and Associate Justice Brown, are of the opinion that, from the evidence, it appears that there has since been a substantial growth in the village, a growth which makes an altogether different showing, and that the company did not overcome the *prima facie* case arising by virtue of the statute, and therefore that the judgment appealed from should be affirmed.   Associate Justices Collins and Lewis are unable to agree to this.   Their conclusion is that the testimony fails to show that there has been a real or substantial change in the village, its needs or necessities, that the situation is practically as it was when the former proceeding was considered that the *prima facie* case made by the village has been wholly overcome by the defendant company.

"With this difference of opinion the judgment appealed from must be and hereby is affirmed."

The defendant in error contends by those observations the court only decided, following its former decision, 76 Minnesota, 469, that under chapter 6, section 388, General Statutes of 1894, the commission had the power to order the erection and maintenance of depots where public necessity or convenience reasonably required it to be done, and that the only change made by the act of 1901, was to shift the burden of proof from the municipality to the railroad company, and therefore the court, in deciding that the railroad company had not overcome the *prima facie* case arising from the statute, did not decide a Federal question.

It is difficult to deal with the motion on account of the uncertainty of the contentions of plaintiff in error.   In its answer in the District Court it directly attacks the statute.   In this court its contentions are not so sweeping and we are left in doubt by its opening and reply briefs whether the statute as construed by the Supreme Court is objected to or only its ap-

plication under the facts of the case. However, as the statute was directly attacked in the answer the motion to dismiss is denied, and we will consider whether the grounds of objection to the statute are substantial and sufficient.

1. The act of 1897 provided as follows:

"That all railroad corporations, or companies operating any railroads in this state, shall . . . provide at all villages and boroughs on their respective roads, depots with suitable waiting rooms for the protection and accommodation of all passengers patronizing such roads, and a freight room for the storage and protection of freight. . . . Such railroad corporations or companies shall at all such depots or stations stop their trains regularly as at other stations to receive and discharge passengers, and for at least one-half hour before the arrival and one-half hour after the arrival of any passenger train, cause their respective depots or waiting rooms to be open for the reception of passengers; said depots to be kept well lighted and warmed for the space of time aforesaid."

In its first opinion, 76 Minnesota, 469, the court held that the word "villages," in the act meant incorporated villages, and that Emmons was not incorporated. The court, however, proceeded further, and said:

"But there is no doubt of the power of the commissioners, under the general railroad and warehouse commission act, to require a railroad company to provide a suitable depot and passenger waiting room at any place, incorporated or unincorporated, where public necessity or convenience reasonably requires it to be done. But this power is neither absolute nor arbitrary. The facts must be such, having regard to the interests, not only of the particular locality, but also of the public at large and of the railroad company itself, as to justify the commissioners, in the exercise of a reasonable discretion and judgment, in ordering the railway company to provide a depot and passenger station at the place in question. Counsel for the relators admit this. The only evidence being the report of the commissioners themselves, we must refer to it to ascertain whether the facts therein stated reasonably justified their order requiring the railroad company to provide and

maintain a depot and station at Emmons. The statute provides that, " Upon the trial of said cause [before the court, as in this case, to enforce the order of the commissioners] the findings of fact of said commission as set forth in its report shall be *prima facie* evidence of the matters therein stated.' G. S. 1894, § 399."

The court then reviewed the facts and decided that the order of the commission establishing a station at Emmons was unreasonable. The act was amended in 1901, and the court in the case at bar has decided, as we have seen, the amendment has only shifted the burden of proof. In other words, to quote from the opinion of the court, " incorporated villages within this state (Minnesota) located on railway lines are *prima facie* entitled to depots," and at a hearing before the commissioners and in the District Court the railroad has the burden of showing that the establishment of a depot is unreasonable and unnecessary.

The statute, as thus construed, does not transcend the power of the State. In other words, and meeting exactly the contention of plaintiff in error, the statute does not deny plaintiff in error the right to reasonably manage or control its property or arbitrarily take its property without its consent or without compensation or due process of law. *Wisconsin &c. R. R. Co. v. Jackson*, 179 U. S. 287. To establish stations at proper places is the first duty of a railroad company. The State can certainly provide for the enforcement of that duty. An incorporated village might be said to be such a place without an express declaration of the statute. To make it *prima facie* so by statute and to impose the burden of meeting the presumption thence arising certainly does not amount to an invasion of the rights of property or an unreasonable control of property. This seems to be conceded in the reply brief of plaintiff in error. Counsel say :

" The power of the State to require the construction and maintenance of stations at proper points is not questioned. We concede it. The power to require an unnecessary and wholly useless expenditure of money, in the construction and

maintenance of stations where they are not needed, is denied. That is the whole case."

And stating the decision of the court in 91 N. W. Rep. 465, counsel quotes as follows:

"The commissioners have the power to order the erection and maintenance of depot buildings, unless it is made to appear that such an order is so unreasonable in its terms as to actually result in depriving the company proceeded against of its property without due process of law."

And counsel adds: "This is, of necessity, a Federal question."

Whether it is or not, and whether it is so dependent on the facts of the case as not to be open to our review, is the next ground to be considered.

2. The charge is that the property of plaintiff in error is taken without due process of law, but whether so taken is made to depend upon a question of fact, the requirement of "an unnecessary and wholly useless expenditure of money." It is well established that on error to a state court this court cannot reëxamine the evidence, and when the facts are found we are concluded by such finding. _Egan_ v. _Hart_, 165 U. S. 188. But in the case at bar we are met by the circumstance that the Supreme Court equally divided on the question whether the facts distinguish this case from 76 Minnesota, 469. The plaintiff in error, therefore, contends that there has been no judgment of the Supreme Court on the facts and they are open to review here. The contention is not tenable. There is no statement of facts by the Supreme Court, and its decision, though by a divided court, constituted an affirmance of the finding of the District Court. The finding was as follows:

"That the respondent railroad company has no depot or station house whatever for the accommodation of the public upon its line of railroad at the village of Emmons, and that its line of road is the only railroad reaching such village.

"That there is a suitable location for a depot or station house upon respondent's right of way at the point referred to and described in the order of the board of railroad and ware-

house commissioners herein, which order is hereto attached. That it is necessary for the accommodation of the citizens of Emmons and vicinity, and the public at large, and public necessity requires that the respondent railroad company build and maintain a suitable station house at the said village of Emmons for the accommodation of the public transacting business with the respondent at that point."

The finding, like the verdict of a jury, is conclusive in this court. *Dower* v. *Richards*, 151 U. S. 658. It follows that the order of the Warehouse Commission was not an unreasonable requirement, and the judgment is

*Affirmed.*