### HAWES v. STATE OF GEORGIA.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 95. Submitted January 17, 1922.—Decided February 27, 1922.

A state law providing that a person prosecuted for permitting apparatus for distilling intoxicating liquors to be upon real estate actually occupied by him shall be *prima facie* presumed· to have known of the presence of such apparatus there found, does not violate due process of law, even where the defendant is not allowed to testify under oath or to have the testimony of his wife. P..3.

150 Ga. 101, affirmed.

ERROR to a judgment of the Supreme Court of Georgia sustaining a conviction and sentence of the plaintiff in error for having knowingly permitted and allowed a certain person or persons to have and possess and locate on his premises apparatus for the distilling and manufacturing of liquors specified in the Act of March 28, 1917, Acts Ex. Sess. 1917, p. 7.

*Mr. Marion Smith* for plaintiff in error. *Mr. F. H. Colley* and *Mr. Carroll D. Colley* were also on the brief.

*Mr. George M. Napier,* Attorney General of the State of Georgia, and *Mr. Seward M. Smith* for defendant in error. ·

Mr. Justice McKenna delivered the opinion of the court.

Indictment against Hawes under the law of Georgia for the offense of knowingly permitting certain persons to locate and have on his premises apparatus for distilling and manufacturing prohibited liquors and beverages.

A verdict of guilty was rendered. A motion for new trial was made and denied, which action and the judgment of the trial court were affirmed on appeal by the Supreme Court of the State.

The act of the State upon which the indictment was based [Acts Ex. Sess., 1917, p. 7] made it unlawful, among other things, "to distill, manufacture, or make any alcoholic, spirituous, vinous, or malted liquors or intoxicating beverages " in the State.

Section 22 of the act provides that when any apparatus used for such purposes "is found or discovered upon said premises the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same, and on conviction therefor, shall be punished as prescribed in section 16 of this Act, the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises."

The trial court instructed the jury that Hawes was charged with knowing who had the apparatus upon the premises of which he was in possession or who operated it, and that under the act the burden was upon him to show the want of knowledge. And further, that all that the State had to show was that the apparatus was on the premises, and "When the State shows that, stopping there that makes out a *prima facie* case against defendant and you should find the defendant guilty as charged in the indictment," unless he show that the apparatus was there without his consent and knowledge.

The charge was made the basis of a motion for new trial on the ground that it was offensive to the due process clause of the Constitution of the United States and also of the constitution of Georgia. The same grounds were assigned in the Supreme Court of the State on appeal from the order and judgment denying the motion for new trial.

In the Supreme Court the specific error against the charge of the court was that it cast upon Hawes the burden of " showing the want of knowledge of the existence of the apparatus on his premises, and in fine his innocence of the crime with which he is charged," he " claiming that this was an unreasonable and arbitrary exercise of its power by the legislature of the State of Georgia."

And this is the assignment here, in other words, that § 22 creates a presumption of guilty knowledge from the finding of the apparatus upon premises occupied by him, and that both the trial court and the Supreme Court of Georgia enforced this statutory presumption and the same, therefore, entered into his conviction, and that the Fourteenth Amendment to the Constitution of the United States was thereby violated.

In aid of his contention and in emphasis of the effect of the statute against him, Hawes points out that a defendant in a criminal case is not allowed to testify as a witness, that he has only the right to make a statement not under oath, and that husband and wife are not competent or compellable to give evidence in any criminal proceeding for or against each other.[1]

---

[1] Section 1036 of the Penal Code is as follows: " In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be com-

It has been decided, as counsel concede, that the legislature may make one fact *prima facie* evidence of another, and it is certainly within the established power of a State to prescribe the evidence which is to be received in the courts of its own government. *Adams* v. *New York,* 192 U. S. 585, 588.

In *Hawkins* v. *Bleakly,* 243 U. S. 210, 214, it is said, " the establishment of presumptions, and of rules respecting the burden of proof, is clearly within the domain of the state governments, and that a provision of this character, not unreasonable in itself and not conclusive of the rights of the party, does not constitute a denial of due process of law. *Mobile, Jackson & Kansas City R. R. Co.* v. *Turnipseed,* 219 U. S. 35, 42."

Undoubtedly there must be a relation between the two facts. *Bailey* v. *Alabama,* 219 U. S. 219; *McFarland* v. *American Sugar Refining Co.,* 241 U. S. 79. That is, if one may evidence the other, there must be connection between them, a requirement that reasoning insists on and, necessarily, the law.

We think the condition is satisfied by the Georgia statute. Distilling spirits is not an ordinary incident of a farm and in a prohibition State has illicit character and purpose, and certainly is not so silent and obscure in use that one who rented a farm upon which it was or had been conducted would probably be ignorant of it. On the con-

pelled to answer any questions on cross-examination, should he think proper to decline to answer."

Section 1037 of the Penal Code is as follows: " Husband and wife shall not be competent or compellable to give evidence in any criminal proceeding for or against each other, except that the wife shall be competent, but not compellable, to testify against her husband upon his trial for any criminal offense committed, or attempted to have been committed, upon her person. She is also a competent witness to testify for or against her husband in cases of abandonment of his child, as provided for in section 116 of this Code."

trary, it may be presumed that one on such a farm or one who occupies it will know what there is upon it. It is not arbitrary for the State to act upon the presumption and erect it into evidence of knowledge; not peremptory, of course, but subject to explanation, and affording the means of explanation. Hawes had such means. An explanatory statement was open to him with a detail of the circumstances of his acquisition of the place, and he availed himself of it. He could have called others to testify to the circumstances of his acquisition, for the circumstances were not so isolated or secret as not to have been known to others.

We agree, therefore, with the Supreme Court of the State that the existence upon land of distilling apparatus, consisting of the still itself, boxes, and barrels, has a natural relation to the fact that the occupant of the land has knowledge of the existence of such objects and their situation.

The principle and the presumption depending upon it were certainly not strained against Hawes. To the comment of the court we may add that the distilling apparatus was within 300 yards of his house. It is true that a pasture intervened, it was testified, between it and his house and then " a hill with pines growing on it, and there was a descent down a hill to where the still was located " though " it could not have been seen from the house, but smoke rising from it could have been seen. There was across the pasture a path leading toward the still." It was added, however, that the path might " have been made by cattle or stock." And a witness testified that the path was old.

*Judgment affirmed.*

Mr. Justice Pitney took no part in the consideration and decision of this case.