## MACK MFG. CO. et al. v. OEDING.
### (No. 831.)

(Court of Civil Appeals of Texas. Beaumont. July 1, 1922. Rehearing Denied Oct. 11, 1922.)

**1. Appeal and error &copy;&#61;&#62;719(8)—Rendition on petition subject to general demurrer fundamental error.**

Rendition of a judgment on a petition subject to general demurrer is fundamental error.

**2. Fraud &copy;&#61;&#62;31—Defrauded party may recover damages or rescind contract.**

Upon being apprised of fraud perpetrated upon him a party has the right to stand by the contract and recover damages or the right to withdraw from the contract and rescind and recover the money received by the other party.

**3. Corporations &copy;&#61;&#62;80(12)—Petition in action to recover money paid on stock subscription held not defective for want of prayer for cancellation and offer to do equity.**

Where an action to recover money paid to apply on a stock subscription is based on fraudulent representations inducing the same, and the petition clearly shows that plaintiff did not receive any stock, the nature of the remedy elected would have canceled the contract, and the judgment would be a bar to plaintiff's ever thereafter affirming or insisting on any rights under the subscription contract, and the rule requiring that one seeking cancellation of a contract to do equity has no application; and hence the petition was not defective because there was no formal prayer for cancellation of the contract of sale and purchase of the stock, or because plaintiff did not offer to do equity by relieving defendants of their obligation to deliver the stock.

**4. Corporations &copy;&#61;&#62;80(1)—Statements of stock salesman as to dividends and future sale of stock held material representations and promises inducing contract.**

Where a stock salesman, who was agent and representative of a corporation, represented to plaintiff that a stock dividend of 100 per cent. and a cash dividend of 20 per cent. would be declared soon by the company and that as much as half of the stock which plaintiff would buy would be sold at double the price he paid therefor, these misrepresentations cannot be said to have been immaterial as being "glittering promises" to do something in the future, but were material representations and promises which induced plaintiff to enter into the contract.

Appeal from Harris County Court; Jno. W. Lewis, Judge.

Action by John H. Oeding against the Mack Manufacturing Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

H. H. Cooper, and Sam R. Merrill, both of Houston, for appellants.

Carothers & Brown, of Houston, for appellee.

HIGHTOWER, C. J. The appellee, Oeding, filed this suit in the county court at Law of Harris county, against appellants, E. S. Smith and Mack Manufacturing Company, to recover $500, with 6 per cent. interest thereon from January 18, 1921, and upon trial before the court without a jury he was successful, and both Smith and Mack Manufacturing Company have appealed.

For cause of action appellee alleged, substantially, the following facts, to wit: That on January 18, 1921, one S. M. Cohen, who was the agent and representative of appellants, called upon appellee at his place of business in a barber shop in the city of Houston, and solicited appellee to purchase $1,000 worth of the capital stock of the Mack Manufacturing Company, a joint-stock association; that at the time he was so solicited to purchase said stock he was already a stockholder in said company, and he at first declined to purchase any additional stock, but finally, on account of certain representations and statements made to him by Cohen, as the agent and representative of appellants, he was induced to purchase an additional $1,000 worth of the capital stock of said company, and agreed to pay therefor $25 per share, and to pay $500, or one-half of the value of said stock, in cash at the time of such agreement to purchase, and the balance of the purchase price within 60 days from the 18th day of January, 1921; that Cohen, as agent and representative of appellants and salesman of said stock, stated and represented to appellee, in order to induce him to agree to make such purchase, that the company was offering such stock at the price of $25 per share to persons only who were already stockholders in the company, and that as to all other persons the company was selling the stock for $50 per share; that the company had made arrangements and would declare, about the 1st of February following, a 100 per cent. stock dividend, and also a 20 per cent. cash dividend, the benefit of all of which appellee would get in the event he purchased the additional $1,000 worth of stock; that the company guaranteed to sell for appellee one-half of this $1,000 worth of stock by the 1st of February following this purchase for double the amount that appellee was asked to pay for it, that is to say, the company would guarantee to sell one-half of this purchase of stock for $50 per share for appellee about the 1st of February following its purchase; that such representations and statements were made to appellee by said Cohen, as said agent and representative of appellants, for the purpose and with the intention of inducing him to purchase said additional $1,000 worth of stock in said company, and that he was thereby induced to agree to purchase said additional stock in said company, and would not have purchased such stock but for such statements and rep-

&copy;&#61;&#62;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

resentations on the part of Cohen, acting for appellants; that such representations and statements were knowingly and willfully false, and were made for the sole purpose of inducing the purchase of said stock by appellee, and with no intention on the part of appellants or the said Cohen that the promises and statements with reference to what the company proposed to do relative to declaring said stock dividend and cash dividend and with reference to the handling and resale of said stock for appellee would be performed, and that therefore appellee's agreement and contract to purchase said stock was induced and brought about by fraud on the part of appellants, acting through their said agent and representative, Cohen; that appellee, in fact, at the time of agreeing to purchase said $1,000 worth of stock, paid to the said Cohen $500 in cash, and was then told by said Cohen, acting for appellants, that the stock would be issued to him within the next 15 days; that, not having received any part of said stock within the time as promised by said Cohen, appellee inquired of J. O. Mack, president of said company, about the matter, which was approximately 30 days after he had agreed to purchase said stock, and was then informed by the said Mack, and learned for the first time from him, that the company did not intend to declare any stock dividend or any cash dividend, as represented by the said Cohen, as hereinabove shown, and that the company would not and had not thought of selling any part of the stock, which appellee had agreed to purchase through the said Cohen for appellee, for any price whatever, and, in short, that appellee was informed by the said Mack that the said Cohen was unauthorized to make such statements and representations as appellee claimed had been made to him by said Cohen, and that· the company would not attempt to meet or comply with or perform any such representations or promises on the part of said Cohen; that thereupon appellee demanded of Mr. Mack, as the president of the company, that his $500 be returned to him, which was refused, and this suit followed.

The appellants, Smith and Mack Manufacturing Company, filed a joint answer, in which they demurred generally to appellee's petition, denied generally its allegations, and denied specially that appellee had been deceived or defrauded into making the contract of purchase, alleging that he was a stockholder of the company at the time, and that he knew, or must have known, that said representations and false statements of Cohen, if they were made to him at all, were untrue at the time they were made, and, substantially, that it was impossible and incredible that appellee could have or should have been deceived by such statements made to him by Cohen. There was another special plea, which was, in substance, that

the contract between Cohen and appellee for the sale and purchase of such stock was a written one, the terms of which were pleaded, and that by the terms thereof it was provided that no representations or statements made by the stock salesman, Cohen, for the purpose of inducing a purchase of the company's stock, would be binding upon the company, etc., and this was followed by a special allegation denying any authority on the part of Cohen to make such representations and false statements as appellee claimed had been made to him by Cohen.

Upon the trial of the case without a jury, the court rendered judgment in favor of appellee against both appellants, jointly and severally, for the sum of $500, with interest thereon at the rate of 6 per cent. from January 18, 1921, to the date of trial, the judgment to bear 6 per cent. interest thereafter until paid.

There are several assignments of error found in the brief of appellants, some of which attack the judgment on the ground of the insufficiency of the evidence to support a finding that appellee was fraudulently induced by any statements or misrepresentations on the part of Cohen to purchase the stock, but after an examination of the record we have concluded that the trial court was authorized to find that appellee was induced by the fraudulent misrepresentations and statements made to him by Cohen to purchase said stock, and to pay his $500 upon the belief that such misrepresentations and false statements were true, and that otherwise he would not have purchased or agreed to purchase any portion of such stock; in other words, we find that all the material allegations of fact in appellee's petition, as we have stated them above, were supported by the evidence adduced upon the trial.

[1, 2] The first complaint found ·in the brief of appellants is a suggestion of fundamental error. We copy it in full:

"Appellants assign as fundamental error the action of the trial court in rendering judgment in favor of plaintiff on a petition which was subject to a general demurrer, in that, if said petition be construed as an action for damages for deceit, it is fatally defective, in that it does not allege that appellee was ever damaged in any sum or amount whatever; and if it be construed as an equitable action for rescission, then it is fundamentally defective, in that it wholly fails to ask for such cancellation, and contains no offer to do equity by relieving appellants from their obligations to deliver to him certain of the capital stock of the Mack Manufacturing Company upon the payment of the sum of $1,000, as alleged by him."

This assignment is followed by this proposition:

"If the petition upon which judgment was based is subject to a general demurrer, the action of the trial court in rendering judgment thereon was fundamental error."

This proposition announces, in the abstract, a sound proposition of law; that is to say, if appellee's petition was subject to general demurrer, which had been interposed, there would be no pleading supporting the judgment in this case. We do not agree, however, with the contention that the petition was subject to general demurrer for either of the reasons stated in the above assignment. The action was not one, technically speaking, for deceit. It was alleged, substantially, that the appellee was induced to enter into the contract to purchase the stock on account of misrepresentations of a material character, and that he promptly, upon discovering that he had been defrauded, notified appellants that he would not be bound by the contract so induced, and demanded that appellants return to him his $500, which he had been deprived of in consequence of such fraud practiced upon him, and which appellants still withheld from him after a knowledge of the facts. He prayed for judgment for $500, with interest on the amount at the legal rate from the date that he parted with the money, and also prayed for such other relief, general and special, as the facts alleged by him would entitle him to.

Upon being apprised of the fraud that had been perpetrated upon him, appellee had the right to stand by the contract he had made and recover damages, if any, sustained in consequence of such fraud, or, if he desired not to do this, he had the right to withdraw from the contract and to rescind and recover the amount of money which he had been fraudulently induced to pay, and which had been received by the appellant company. It is clear from his petition that appellee elected to pursue the latter remedy. Kennedy v. Bender (Tex. Civ. App.) 140 S. W. 491; Fordtran v. Cunningham (Tex. Civ. App.) 141 S. W. 562.

[3] Nor was the petition defective or subject to general demurrer because there was not a formal prayer for cancellation of the contract of sale and purchase of the stock, and because there was no offer in the petition to do equity by relieving appellants of their obligations to deliver the stock, as claimed by appellants. It was not required in this action that appellee should pray the court for judgment canceling the contract, because the very nature of the remedy that he elected to pursue necessarily, upon the facts in this case, if prosecuted successfully, would cancel the contract, and the judgment in favor of appellee upon the cause of action asserted by him would be necessarily a bar to his ever thereafter affirming or in any manner insisting upon any rights under the contract. It was clearly shown by appellee's petition that he did not receive any portion of the stock which he had contracted to purchase, although he had paid $500 or one-half of the purchase price thereof, and he had re-

ceived nothing to tender back to appellants, and there was nothing that required him to "offer to do equity," as insisted by appellants in this connection. Therefore the rule, generally understood, which requires one seeking the cancellation of a contract to do equity, etc., has no application here. The suggestion of fundamental error is overruled.

[4] By the second assignment, it is contended that the judgment was erroneous for the reason that it conclusively appeared from the evidence that appellee, at the time he agreed to purchase the stock, was already a stockholder in the Mack Manufacturing Company, and that he knew what the value of such stock was at the time, and that the evidence wholly fails to show that he was deceived or defrauded by any misrepresentations or statements made to him in respect to any existing material facts, and was thereby induced to purchase such stock. We have already stated that the evidence was sufficient to warrant the trial judge in finding that every statement and representation alleged to have been made to appellee by Cohen was, in fact, made to him, and that they were made for the purpose of inducing appellee to purchase the stock, and that there was no intention or thought on the part of Cohen or the company that any promise as to what the company had arranged to do or expected to do in the future with reference to its stock or any portion of that purchased by appellee would be kept or performed.

If it be true (and the judgment in this case involves the finding by the trial court) that Cohen, who was the agent and representative of appellants in soliciting appellee to purchase this stock, represented to appellee that a stock dividend of 100 per cent. would be declared by the company approximately two weeks thereafter, and at the same time a cash dividend of 20 per cent. would be declared, and that arrangements had been made by the company for such action, and that the company would agree to sell for appellee as much as half of the stock which he was then solicited to purchase at double the price appellee was to pay therefor, and if appellee was induced by such representations to enter into the contract of purchase, and would not otherwise have done so; and if Cohen made these representations for the purpose of inducing him to make the contract, knowing that such arrangements had not been made as to stock and cash dividends, and that the company would not undertake to sell half of the stock then purchased by appellee for him at twice the price paid therefor, as alleged, then we hold that such misrepresentations cannot be said to have been immaterial as being mere "glittering promises" on the part of the company to do something in the future, but they must be held to be material representations and promises which induced appellee to act and enter into the contract, and

that thereby a fraud was perpetrated upon him, which upon its discovery by him, authorized him to rescind the contract and to sue for his money paid upon the faith of the truth of such false statements and representations. This principle of law is clearly announced and reiterated in the case of Edward Thompson Co. v. Sawyers, reported in (Tex. Sup.) 234 S. W. 873, by the Supreme Court of this state, speaking through Justice Greenwood. In the case just mentioned, among other things, it was said:

"Promises made without intention of fulfillment, in order to induce others to make contracts, are as culpable and as harmful as are willful misrepresentations of existing facts. Hence contracts may be avoided alike for such fraudulent promises and for such misrepresentations.

"Contracts, though reduced to writing, are avoided when induced by material promises, never intended to be kept, not because one is allowed to vary his written contract, but because real assent is essential to a binding contract."

The principle was first clearly announced in this state by our Supreme Court in Railway Co. v. Titterington, 84 Tex. 223, 19 S. W. 472, 31 Am. St. Rep. 39. See, also, Cearley v. May, 106 Tex. 444, 167 S. W. 725; South Texas Mortgage Co. v. Coe (Tex. Civ. App.) 166 S. W. 419; Case Threshing Machine Co. v. Webb (Tex. Civ. App.) 181 S. W. 853.

We have not overlooked other contentions made in the brief of appellants, but, after having considered them all, are of the opinion that no error has been pointed out for which the judgment in this case should be reversed, and therefore the same will be affirmed.