## CLEM v. EVANS. (No. 9650.) *

(Court of Civil Appeals of Texas. Dallas.
May 22, 1926. Rehearing Denied June 26,
1926.)

**1. Appeal and error ⬤⟿1002.**

Where evidence is in sharp. conflict, appellate court will not disturb jury's finding.

**2. Fraud ⬤⟿12.**

Generally, unfulfilled promise will not be legal fraud, though inducement for contract, but rule is otherwise where promisor had no intention to fulfill it and made promise fraudulently to induce contract.

**3. Fraud ⬤⟿50.**

Where plaintiff was induced to subordinate his vendor's lien to mechanic's lien by defendants' promise that mechanic's lien notes would be extended, refusal to execute promise created presumption that promise was fraudulent, under Rev. St. 1925, art. 4004.

**4. Fraud ⬤⟿31.**

Though Rev. St. 1925, art. 4004, does not mention right of rescission of contract induced by false promise, party may either recover damages or rescind.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by T. L. Evans against ·C. W. McBride and another, to which R. H. Clem was made defendant. Judgment for plaintiff, and defendant R. H. Clem appeals. Affirmed.

Thomas, Frank, Milam & Touchstone and Burgess, Owsley, Storey & Stewart, all of Dallas, for appellant.

Whitehurst & Whitehurst, of Dallas, for appellee.

JONES, C. J. This appeal is perfected by R. H. Clem, appellant, from a judgment in the district court of Dallas county, Tex., in which T. L. Evans, one of the appellees, was awarded judgment against appellee C. W. McBride on the amount of two vendor's lien notes and a foreclosure of the vendor's lien on lots 7·and 8, in block 15, Trinity Heights addition No. 2 to the city of Dallas, and in which a subordination agreement executed' by T. L. Evans, appellee, purporting to subordinate the vendor's lien on each lot to a mechanic's lien on each lot in favor of appellant, was canceled. McBride did not appeal, and T. L. Evans will be referred to as appellee.

In July, 1923, appellee joined by his wife, executed two deeds to McBride and wife, conveying to them, respectively, said lot 7 and lot 8. The consideration for lot 7 was the payment of $100 cash and the execution and delivery by the vendees to appellee of one note for $650, payable monthly, and secured by vendor's lien on said lot. The consideration

for lot 8 was the payment of $100 cash and the execution of a note for $700, payable to appellee in monthly installments and secured by the vendor's lien on said lot. A subordination agreement was executed in favor of appellant by appellee at the same time the said deeds were executed and the down payment on the lots made. Under the terms of this agreement .appellee agreed to subordinate the vendor's lien retained by him to a mechanic's lien to be given by McBride and his wife in favor of R. H. Clem, to secure an indebtedness for the erection of a building on each of said lots. The said indebtedness on each lot to be represented by a note in ˙the principal sum of $2,500, to mature in 60˙ days, each note to be secured by a deed of trust with R. E. L. Sherrard as trustee. The mechanic's lien and deed of trust were duly executed, and each of the houses were erected by the use of the money thus furnished by appellant. The undisputed evidence shows that appellant furnished the $200 down payments.

In deference to the findings of the jury on the special issues submitted, which findings are supported by evidence, we further find that appellee was induced by McBride and by appellant to sign said subordination agreement under the promise by appellant that after said houses were constructed the two said 60-day notes would be taken up and extended by Clem for a period of time from three˙ to five years; that in executing said subordination agreement appellee relied upon this promise and would not have executed said agreement but for said promise; that this promise was not fulfilled, and appellant had asserted his right, after maturity of said notes, to have the said trustees sell said lots by virtue of the power given in the said deed of trust.

*McBride defaulted in the monthly payments of each of said vendor's lien notes, and appellee exercised his option to declare each of said notes due, and brought suit against the McBrides to recover the principal, interest, and attorney's fees on each of said notes, and to foreclose the vendor's lien. To this suit appellant was made a party defendant, and a cancellation of the subordination agreement in favor of appellant's said lien was sought on the alleged ground of fraud in procuring it. The fraud alleged was to the effect that appellee was induced to execute said subordination agreement on the promise made both by McBride and appellant that the indebtedness secured by the mechanic's liens would be extended from three to five years; that he relied on such promises, and would not have executed said agreement unless same had been made; that said extension was not made, and appellant and McBride had refused to make same.*

[1] The case was tried to a jury. The evi-

dence as to whether the alleged promise had been made was in sharp conflict, but, the jury having resolved this conflicting evidence in favor of appellee, this court will not disturb such finding.

There are numerous assignments of error presenting the controlling issue of this appeal, as to whether the subordination agreement executed in writing became the final contract between the parties and its terms could not be contradicted or varied by oral evidence. This contention of appellant is reserved by exceptions duly urged against appellee's pleading of the fraud alleged to have been practiced upon him, and by assignment of error on the adverse ruling of the court; also, by timely objection to his testimony supporting such allegations and preserved by proper bills of exception and assignments of error; also, by requested peremptory instructions, and by objection urged to the court's submission of the issues raised by appellee's pleading and evidence. These assignments will not be separately discussed.

[2] It will be noted that appellee grounds his action of fraud on a failure to fulfill a future promise. It may be stated, generally, that an unfulfilled promise to perform an act in the future will not amount to legal fraud, notwithstanding such promise may have been the inducement for the execution of the contract. Our courts, however, recognize an exception to this rule in cases where it is made to appear that the promisor had no intention at the time the promise was made to fulfill it, and made such promise for the fraudulent purpose of inducing the contract. Lott Town & Improvement Co. v. Harper (Tex. Civ. App.) 204 S. W. 452; Commonwealth Bonding & Casualty Ins. Co. v. Barrington (Tex. Civ. App.) 180 S. W. 936; Burchill v. Hermsmeyer (Tex. Civ. App.) 212 S. W. 767; Wagner v. J. B. Colt Co. (Tex. Civ. App.) 234 S. W. 934.

[3] This exception to the general rule is given broader recognition in transactions in certain matters than theretofore by a recent legislative enactment. In 1919 the Legislature of this state enacted article 4004, Revised Statutes 1925, which provides:

"Actionable fraud in this state with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. Whenever a promise thus made has not been complied with by the party making it within a reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason. * * *"

It is alleged, in effect, in the petition, and appears from the evidence, that appellant and McBride definitely refused to carry out the promise, appellant denying that same had been made. When appellee's petition is considered in connection with that portion of said statute which declares, "Whenever a promise thus made has not been complied with by the party making it within a reasonable time, it shall be presumed that it was falsely and fraudulently made," we think it is sufficient to bring the allegations within the rule announced in the foregoing cases. The facts alleged were sufficient to authorize and create the presumption that the promise was fraudulently made for the purpose of inducing appellee to execute the said instrument.

The deeds executed by appellee in favor of McBride and his wife, the notes executed by McBride in favor of appellee, and the subordination agreement executed by appellee in favor of appellant, were all contemporaneous; that the subordination agreement is a transaction in real estate and therefore is included in the subject-matter of said statute it seems to us cannot be questioned. Giving full force to the said legislative enactment and construing appellee's allegations of fraud in the light of such enactment, we are of the opinion that appellee's petition presented, and the evidence raised an issue of, a case falling within the exception to the general rule relating to future promises above discussed. We overrule all of the assignments of error relating to this subject.

[4] It is also suggested that appellee's remedy under this statute is confined alone to damages. We cannot agree to this contention. While the statute does not mention the right of cancellation or rescission, still, when under its provisions the contract is shown to have been induced by fraud, appellee had the right, either to stand by the contract and recover damages as provided by said statute, or to demand its rescission. Mack Mfg. Co. v. Oeding (Tex. Civ. App.) 244 S. W. 156. We do not believe this statute denies this relief given under general laws and rules of equitable jurisprudence against the alleged perpetrators of actual fraud. Immigration Co. v. Karlan (Tex. Civ. App.) 245 S. W. 1043.

We have carefully examined all other assignments of error, with the result that we do not find reversible error, and are therefore of the opinion that this case should be affirmed.

Affirmed.