## CLEM v. EVANS. (No. 913–4701.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1927.)

1. Constitutional law ⬚311—Fraud ⬚12—Statute declaring noncompliance with promise within reasonable time to raise presumption of fraud held denial of due process (Rev. St. Tex. 1925, art. 4004; Bill of Rights, § 19; Const. U. S. Amend. 14).

Rev. St. Tex. 1925, art. 4004, providing that promise to do future act, made as material in-

ducement to enter contract, not performed within reasonable time, shall be presumed to have been falsely or fraudulently made, and burden shall be on promisor to show that he was prevented from complying therewith by act of God, public enemy, or by some equitable reason, held violative of due process clauses of Bill of Rights, § 19, and Const. U. S. Amend. 14, though, if it had merely created prima facie presumption, it would be valid.

2. Constitutional law ⬚55—Legislature cannot compel courts to inflict injury which Constitution requires them to remedy (Const. art. 1, § 13).

The Legislature has no power to compel the courts to inflict an injury without due course of law which Const. art. 1, § 13, requires them to remedy.

3. Vendor and purchaser ⬚260(2)—Burden held on plaintiff to show that promise which induced him to subordinate vendor's lien to mechanic's lien was made with intent not to perform.

In suit to cancel contract subordinating plaintiff's vendor's lien on land to mechanic's lien held by defendant, burden was on plaintiff to prove that alleged promise which induced contract was false, and was made with intent not to perform.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by T. L. Evans against C. W. McBride and another, to which R. H. Clem was made defendant. Judgment for plaintiff affirmed by Court of Civil Appeals (286 S. W. 273), and R. H. Clem brings error. Reversed and remanded.

Thomas, Frank, Milam & Touchstone and Burgess, Owsley, Storey & Stewart, all of Dallas, for plaintiff in error.

Whitehurst & Whitehurst, of Dallas, for defendant in error.

BISHOP, J. It is not necessary to here repeat the statement of this case made by the Court of Civil Appeals in its opinion affirming the judgment of the district court. 286 S. W. 273.

By his suit the defendant in error seeks to cancel a contract entered into by him with plaintiff in error subrogating vendor's lien on land held by him to a mechanic's lien held by plaintiff in error. His cause of action is based upon an alleged false promise under article 4004, Revised Civil Statutes 1925, which is as follows:

"Actionable fraud in this state with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. Whenever a promise thus made has not been

complied with by the party making it within a reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason. * * * "

In response to special issues submitted the jury found that the alleged promise was made, was relied upon by defendant in error, was material, and was made for the purpose of inducing defendant in error to execute the contract. The evidence shows that the promise was not performed within a reasonable time, and, there being no evidence to indicate that plaintiff in error was prevented from performing his promise by the act of God, the public enemy, or for some equitable reason as required by this act, the district court rendered judgment canceling the subrogation contract.

[1] The provision of this article with reference to presumption and burden of proof is prohibited by section 19 of our Bill of Rights, which provides that "no citizen of this state shall be deprived of * * * property * * * except by the due course of the law of the land." The plaintiff in error is charged with committing a fraud by making a promise which he intended at the time to disregard. It is the insincerity of his promise which makes his act fraudulent. He is guaranteed the right to rebut this charge of insincerity by fundamental law, and the Legislature had no power to enact a law which would deny him this right and thereby deprive him of his property. Any presumption that a promise was falsely made, which could by legislative enactment arise from a failure to comply therewith, is rebuttable, and the right of plaintiff in error to rebut it cannot be limited to proof that for specific reasons the promise could not be complied with. The issue is whether the promise was made to fraudulently deprive defendant in error of his right to the prior and superior lien on the property, and the Legislature cannot substitute presumptions for proof, thereby denying the right to prove as a complete defense that at the time the promise was made there was no intention to defraud. 12 Corpus Juris, pp. 1233 and 1234; Prideaux v. Roark (Tex. Com. App.) 291 S. W. 868, not yet officially reported.

[2] If this provision had no further effect than to create a prima facie presumption that the promise was knowingly false when made, and to cast the burden on the maker thereof to rebut this presumption, it would not violate the inhibition contained in this section of the Constitution. But it cannot be given this construction. The requirement that the maker of the promise shall show that he "was prevented from complying therewith by the act of God, the public enemy, or by some equitable reason," in addition to proof that

it was not knowingly false when made, has the effect to close the doors of the courts in his face, and to refuse him the right to deny the charge against him. In this state "all courts shall be open; and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." State Constitution, art. 1, § 13. The Legislature has no power to compel the courts to inflict an injury which the Constitution requires them to remedy.

We are also of opinion that this provision of the statute violates the due process clause of the federal Constitution (Const. U. S. Amend. 14) though the Supreme Court of the United States, in the case of James-Dickinson Farm Mortgage Co. v. Harry, 47 S. Ct. 308, 71 L. Ed. ——, has held to the contrary. The holding was not necessary to the decision of that case, and it is evident from the language used by the court that it construed the provision as creating a prima facie presumption only, which the maker of the promise was left free to rebut. The provision, however, does not only change the burden of proof, but also places on the maker of the promise an additional burden in violation of what we conceive to be due process of law. The language of the court in that case is:

"It is also contended that the statute violates the due process clause by providing that whenever a promise thus made has not been complied with by the party making it within a reasonable time, 'it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason.' Article 3973a [Complete Tex. St. 1920]. This contention also is groundless. It is well setttled that a state may consider proof of one fact presumptive evidence of another if there is a rational connection between them (Hawes v. Georgia, 258 U. S. 1, 4, 42 S. Ct. 204, 66 L. Ed. 431), and also that it may change the burden of proof (Minn. & St. L. R. R. Co. v. Minnesota, 193 U. S. 53, 24 S. Ct. 396, 48 L. Ed. 614). Moreover, the lower court gave no charge based upon this provision of the statute. And it is at least doubtful whether this provision should be construed as applying to actions brought outside Texas."

[3] This provision of the act being void, the burden rested upon defendant in error to allege and prove that the promise when made was false—made with the intention not to perform it. That it was so made is not conclusively shown by this record, and, as the record does show that the trial court in rendering judgment relied upon this provision of article 4004, and not upon a finding that the evidence established a false promise, we recommend that the judgments of both courts be reversed and the cause remanded to the district court.

CURETON, C. J. Judgments of the district court and court of civil appeals both re-

versed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.