Herbert Lloyd JOHNSON and Michael Joseph Jenkins, Plaintiffs-Appellees,

INA of Texas, Intervenor-Appellee,

v.

ABBE ENGINEERING COMPANY, Defendant,

A.M.F., Inc., Defendant-Appellant.

No. 84–2081

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1984.

**1132**

Vinson & Elkins, Jeff Crane, William J. Collins, III, Houston, Tex., for defendant-appellant.

Fisher, Roch & Gallagher, Michael W. Perrin, Ronald Wardell, Salvato & Burgert, Houston, Tex., for Johnson and Jenkins.

Laddie Livingston, Susan Crowley, Houston, Tex., for INA Ins.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

In this diversity tort case, AMF, Inc. appeals a jury verdict in favor of the plaintiffs, contending that the evidence does not support the jury's findings. Concluding that there is sufficient evidence to support the verdict, we affirm.

### Facts

Michael J. Jenkins and Herbert L. Johnson were severely burned in an explosion and fire which occurred on December 26, 1979, during the course and scope of their employment with AMF Tuboscope, a wholly-owned subsidiary of AMF, Inc. After initial filings, discovery and dismissal of defendants, the case went to trial solely against AMF. Plaintiffs based their claim of liability against AMF on the rubric incorporated in Restatement (Second) of Torts § 324A (1966).[1]

At the time of the accident, Jenkins and Johnson were pouring flammable solvents from 55-gallon drums into a ball or pebble mill tank, a large grinder used to grind compounds into a coating compound. The pouring process required laying the drums on their sides, opening them, and allowing the chemicals to flow into a funnel in the middle of the second-floor balcony on which plaintiffs worked. It is not disputed that Jenkins and Johnson were following the prescribed procedures for pouring the solvents when an explosion occurred. The

---

1. Section 324A provides:
   **Liability to Third Person for Negligent Performance of Undertaking**
   One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
       (a) his failure to exercise reasonable care increases the risk of such harm, or
       (b) he has undertaken to perform a duty owed by the other to the third person, or

    (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
Restatement (Second) of Torts § 324A (1966).
    Section 324A is commonly called the Good Samaritan Doctrine. While the Texas Supreme Court has never expressly adopted the language used in § 324A, it has addressed and followed the policy of the Good Samaritan Doctrine. *Colonial Sav. Ass'n v. Taylor,* 544 S.W.2d 116 (Tex. 1976). Following the predictive course required of us in diversity cases, we hold that the Texas courts would impose on parent corporations those duties expressed in § 324A.

plaintiffs were buffeted by the force of the explosion, engulfed in flames and severely injured. The jury awarded damages totaling $755,544.05.

## Analysis

AMF asserts that Jenkins and Johnson failed to establish the necessary elements of duty and causation required by § 324A, attacking the sufficiency of the evidence. In such an instance, the scope of our review is limited. "If the state of the proof is such that reasonable and impartial minds could reach the conclusion expressed in the jury's verdict, we must not disturb the jury's findings on appeal." *Carlton v. Shelton*, 722 F.2d 203, 205 (5th Cir.1984), *citing Fielder v. Bosshard*, 590 F.2d 105 (5th Cir.1979).

■ The first inquiry under § 324A is whether AMF, the parent corporation, had a duty to protect Tuboscope's employees. Such a duty exists when the defendant has "undertaken to inspect the specific instrument causing the injury or to inspect the entire plant of which that instrument was a part...." *Patentas v. United States*, 687 F.2d 707, 716 (3d Cir.1982).

AMF's argument focuses on whether its representatives performed inspections of the ball mill involved in the explosion.[2] This argument is too restrictive. The duty may be established by a showing that AMF undertook inspection of the entire plant. AMF's Manager of Accident Prevention and Safety Training testified that he inspected the area where the accident occurred several times during the years preceding the accident, during the course of a safety "audit of the entire complex." The AMF safety representative styled his inspections a "walk through." He further testified that he knew of the ball mill procedures and was aware that explosive and highly flammable solvents were being used. The record reflects sufficient evidence to support a jury finding that AMF had undertaken to inspect the entire Tuboscope plant for conformity to safety practices and procedures.

■ The second inquiry is whether the proven breach of the found duty was the proximate cause of the injuries. A plaintiff can satisfy this burden by proving either (1) that defendant's failure to exercise reasonable care increased the risk of harm, or (2) that defendant undertook to perform a duty owed by the employer to the employee, or (3) that the plaintiff's harm was a result of reliance by the employer or the injured employee upon the undertaking. *Tillman v. Travelers Indemnity Co.*, 506 F.2d 917 (5th Cir.1975). A showing of the existence of any one of the alternative conditions suffices.

■ AMF's safety manager testified that his duties included review and approval of the broad spectrum of safety practices and procedures at AMF subsidiaries. His duties encompassed "all personnel safety. In other words, I'm part of the human resources. And as such, we take care of personnel safety." This AMF representative expected his safety directives and suggestions to be followed and implemented. That expectation was met. Tuboscope's plant manager testified that he relied upon the AMF safety representatives for accident prevention and safety training

---

**2.** AMF also argues that the undertaking would have to be for the sole benefit of Tuboscope or plaintiffs before the Texas Supreme Court would impose a duty under § 324A, *citing Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116 (Tex. 1976). Colonial, an insurance company, was found to have undertaken to provide fire insurance coverage for a house that had burned down. The Texas Supreme Court stated that "one who voluntarily undertakes an affirmative course of action for the benefit of another has a duty to exercise reasonable care that the other's person or property will not be injured thereby.

This proposition has long been recognized by the courts of this State." Id. at 119. We do not perceive in this passage the requirement of a sole beneficiary. Indeed, under the facts in Colonial, there was more than one party benefiting from the insurance contract.

We are aware that one federal court, applying Texas law, construed § 323 of the Restatement as requiring a showing that the undertaking be for the sole purpose of benefiting the one injured. *Philadelphia Mfrs. Mut. Ins. Co. v. Gulf Forge Co.*, 555 F.Supp. 519 (S.D.Tex.1982). That case is inapposite.

and followed any recommendations made concerning safety at the Tuboscope facility. Similarly, the production foreman for the coating manufacturing unit where the accident occurred testified that Tuboscope personnel relied upon the expertise of AMF's safety division in matters relating to safety. From the evidence presented, the jury could reasonably find reliance and a lulling into a false sense of security. Thus concluding, we need not address the first two alternatives, for establishment of any of the three is enough to support the jury's findings.

Finding sufficient evidence to support a jury verdict imposing liability under § 324A, we AFFIRM.