Salameh ABDEL–FATTAH,
et al., Appellants,

v.

PEPSICO, INC., Appellee.

No. 14–94–00773–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 26, 1997.

Jake Johnson, James Patrick Smith, Houston, for appellant.

Bryan P. Vezey, William J. Collins, III, Collins & Roeder, L.L.P., Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Salameh Abdel–Fattah appeals the trial court's ruling granting summary judgment in favor of appellee PepsiCo, Inc. Appellant brings two points of error, arguing generally that the record contains material questions of fact precluding summary judgment. We disagree and, therefore, affirm the judgment of the trial court.

Appellant was an employee of Taco Bell Corp., a wholly owned subsidiary of appellee, PepsiCo. While working at a Taco Bell restaurant, appellant was assaulted with a claw hammer by a fellow Taco Bell employee. He brought suit against PepsiCo,[1] alleging negligence based on PepsiCo's failure to exercise reasonable supervision over its subsidiary corporation in hiring, supervising, and retaining employees who present an unreasonable risk of harm to others. The trial court granted PepsiCo's motion for summary judgment, and appellant contends that ruling was improper, arguing that (1) PepsiCo had a duty to protect the employees of its subsidiaries, and (2) the existence of a duty requires some determination of questions of fact which made summary judgment improper in this case.

A summary judgment for the defendant is properly granted only if the movant shows no genuine issue of material fact exists on one or more of the essential elements of the plaintiff's cause of action and that the defendant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgt.*, 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a disputed fact issue precluding summary judgment exists, evidence favorable to the non-movant must be taken as true, and all reasonable inferences must be indulged in the non-movant's favor. *Id.*

█ In this case, PepsiCo defeated an essential element of appellant's negligence cause of action and was entitled to summary judgment. An essential element of any negligence claim is a showing that the defendant owed a legal duty to the injured plaintiff. *Greater Houston Transp. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). Whether such a duty exists is a question of law for the court to decide based on the facts surrounding the occurrence in question. *Id.* Once PepsiCo defeated this element of appellant's cause of action, appellant had the duty to direct the trial court to probative proof raising material questions of fact with respect to the negated element of his cause of action in order to preclude summary judgment. *Wheeler v. Aldama–Luebbert*, 707 S.W.2d 213, 215 (Tex. App.—Houston [1st Dist.] 1986, no writ). In an attempt to show that material fact questions pertaining to the issue of whether PepsiCo owed a duty to appellant existed in this case, appellant argues: (1) PepsiCo had a duty as sole shareholder of Taco Bell; (2) PepsiCo had a duty based on its own negligent omission; and (3) PepsiCo had a duty arising out of an affirmative undertaking it engaged in for the benefit of Taco Bell. We will address each of these issues separately to determine whether any of them gives rise to a material question of fact which would require us to reverse the trial court's summary judgment.

## I. PepsiCo's duty as sole shareholder of Taco Bell

█ In this case, appellant seeks to hold PepsiCo liable for the alleged negligence of its subsidiary, Taco Bell. PepsiCo argues that it owes no duty to Taco Bell's employees since the two corporations are completely separate entities. As a general rule, there is no duty to control the conduct of third parties. *Phillips*, 801 S.W.2d at 525. Because a parent corporation generally has no duty to control its subsidiaries, courts will not disregard the corporate fiction and hold a parent corporation liable for the torts of its subsidiaries. *Lucas v. Texas Indus.*, 696 S.W.2d 372, 374 (Tex.1984). An exception to this rule applies when there is some basis for piercing the corporate veil and treating the two corporations as one entity.

---

1. Appellant also sued Taco Bell. The trial court granted a partial summary judgment in Taco Bell's favor, however, on the ground that the exclusivity provisions of the Worker's Compensation Act precluded appellant from recovering from his employer. Appellant has not challenged the trial court's judgment in favor of Taco Bell in this appeal.

Piercing the corporate veil is only permitted in exceptional situations where the corporate entity of the subsidiary is being used as a sham to perpetrate a fraud, to avoid liability, to avoid the effect of a statute, or in other exceptional circumstances. *Id.* In sum, absent a showing of wrongdoing on the part of the parent corporation, Texas courts have refused to make that entity liable for its subsidiary's torts. *Lubrizol v. Cardinal Construction,* 868 F.2d 767, 771 (5th Cir. 1989) (interpreting Texas law).

Appellant's pleadings do not allege any legally recognized basis for disregarding the corporate veil in this case, nor has appellant presented any proof to raise a fact question as to whether PepsiCo has abused the corporate fiction in a way that would justify treating the two entities as one and the same. Even if PepsiCo is the sole shareholder of Taco Bell, the corporate form normally insulates shareholders, officers, and directors from liability for corporate obligations. *Castleberry v. Branscum,* 721 S.W.2d 270, 271 (Tex.1986). Thus, the fact that PepsiCo owns 100% of the shares of Taco Bell's stock is irrelevant since "mere unity of financial interest, ownership and control" is an insufficient ground for imposing liability on the parent corporation for the torts of its subsidiaries. *Lubrizol,* 868 F.2d at 771; *Lucas,* 696 S.W.2d at 374. Courts simply will not disregard the separate legal identities of corporations on the basis of stock ownership or interlocking directorship. *Lubrizol,* 868 F.2d at 771 (citing *State v. Swift & Co.,* 187 S.W.2d 127 (Tex.Civ.App.—Austin 1945, writ ref'd)); *see also McFee v. Chevron Intern. Oil Co.,* 753 S.W.2d 469, 471 (Tex.App.—Houston [1st Dist.] 1988, no pet.). With the corporate veil intact, the two corporations are legally separate entities, and PepsiCo is shielded from liability for the alleged negligence of its subsidiary, Taco Bell.

## II. PepsiCo's liability for its own negligent omissions

Even though PepsiCo cannot be held accountable for Taco Bell's negligent acts, it may certainly be held liable for its own negligence. Appellant's pleadings allege that PepsiCo was negligent in *"failing to exercise*

reasonable supervision over its subsidiary corporation in hiring, monitoring, supervising, and retaining employees who present an unreasonable risk of harm to fellow customers." (emphasis added). In sum, appellant's petition attempts to base PepsiCo's liability on its *failure to supervise Taco Bell's* day-to-day management of *Taco Bell's* own employees.

We must reject this basis of liability, as well. Appellant cannot impose liability on PepsiCo for an omission to perform an act which PepsiCo had no duty to perform. *See Portlock v. Perry,* 852 S.W.2d 578, 582 (Tex. App.—Dallas 1993, writ denied). Although an affirmative act can give rise to a duty where no duty otherwise exists, a mere omission does not have this effect. *Id.* As stated above, the existence of a duty is a question of law for the court, and appellant's pleadings do not allege an affirmative act on the part of PepsiCo that would trigger a duty. Merely asserting an omission on the part of PepsiCo does not provide a basis for liability where appellant has failed to allege any ground for recognizing a legal duty on the part of PepsiCo to perform the omitted act.

## III. PepsiCo's liability based on its affirmative undertaking benefitting Taco Bell

Although an omission to perform an act will not create a duty where no duty exists, in certain circumstances performing an affirmative act for the benefit of another gives rise to a duty to avoid doing so negligently, even if the actor had no duty to act in the first place. *See Colonial Sav. Ass'n v. Taylor,* 544 S.W.2d 116 (Tex.1976). In his brief, appellant urges this court to apply The Restatement (Second) of Torts § 324A. That section states:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking

This section of the Restatement has been applied by Texas courts. *See Seay v. Travelers Indem. Co.*, 730 S.W.2d 774, 776–77 (Tex. App.—Dallas 1987, no writ).

■ Appellant contends PepsiCo engaged in an affirmative undertaking by hiring John Martin as CEO and President of Taco Bell. Having undertaken this affirmative act, appellant argues, PepsiCo had a duty to Taco Bell's employees to use reasonable care in hiring Martin. Appellant contends that because Pepsico was negligent in hiring Martin, it was liable to Taco Bell's employees who were physically injured as a result of this negligent hiring.

■ PepsiCo argues that appellant's § 324A argument was waived because appellant did not raise any allegation that PepsiCo engaged in an affirmative undertaking for Taco Bell's benefit in his pleadings. In addition, we note that the proof appellant attempted to place before the trial court to support his affirmative undertaking argument may not have been properly presented for that court's consideration. On the day before the summary judgment hearing, appellant filed a document entitled "Plaintiff's Motion For Leave To File Deposition of John Martin." PepsiCo opposed this motion, and there is no indication that the court ruled on whether to admit the deposition into the record. Nevertheless, *after* the summary judgment hearing, appellant filed a "Summary of Plaintiff's Responses to Motions For Summary Judgment" in which he alleged, for the first time, that PepsiCo committed an affirmative act, rather than merely an omission, by negligently hiring John Martin as president of Taco Bell. Attached to this "Summary" is a three page excerpt taken from the deposition of John Martin from an unrelated cause of action.

■ This deposition is not competent summary judgment proof because it was not raised in any of appellant's responses to Pep-

siCo's motion for summary judgment, it was not timely filed, and there is no clear indication in the record that the trial court granted permission for its delayed filing. *See* TEX.R. CIV. P. 166a(c) (stating that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal" and further stating that written responses in opposition to a motion for summary judgment must be filed at least seven days prior to the day of the hearing unless on leave of court). A trial court does not abuse its discretion by refusing to consider summary judgment pleadings filed after the summary judgment hearing. *Leinen v. Buffington's Bayou City Serv. Co.*, 824 S.W.2d 682, 685 (Tex.App.—Houston [14th Dist.] 1992, no writ).

Nevertheless, even if appellant's proof of an affirmative undertaking on the part of PepsiCo was properly presented to the trial court, we hold that this proof would not be sufficient to raise a material fact question to defeat PepsiCo's motion for summary judgment. While hiring Martin as CEO and President of Taco Bell may indeed be an affirmative undertaking on the part of PepsiCo for the benefit of Taco Bell, it is not an undertaking that would justify extending a legal duty on the part of PepsiCo to oversee the daily management of the employees in each and every Taco Bell restaurant in the country. This obligation is Taco Bell's obligation, not PepsiCo's.

The cases which have extended liability to a parent corporation for injuries to the employees of its subsidiaries under a § 324A affirmative undertaking theory involved incidents where the parent corporation had engaged in an undertaking which *directly* promoted the interests of its subsidiary in providing a safe workplace. *See Johnson v. Abbe Engineering*, 749 F.2d 1131, 1132–33 (5th Cir.1984) (interpreting Texas law); *see also Seay*, 730 S.W.2d at 779. For instance, in *Johnson*, the court found a parent corporation had undertaken the duty of performing safety inspections at its subsidiary's plant. 749 F.2d at 1132–33. When an explosion occurred, injuring several of the subsidiary's employees, the parent corporation was found liable under a

§ 324A theory. *Id.* Due to the inspections, management at the subsidiary corporation was lulled into a false sense of security that the plant was safe and any injuries suffered as a direct result of the negligent inspection were logically imposed on the parent corporation which undertook such inspections. *Id.* at 1133.

Significantly, in *Johnson,* the court found that a duty existed only because the defendant had either "undertaken to inspect *the specific instrument* causing the injury or to inspect *the entire plant* of which that instrument was a part." *Id.* at 1132. Here, we have no proof that PepsiCo had any control over the specific individual who caused appellant's injuries. In addition, there is no proof that PepsiCo undertook a responsibility for ensuring the safety of each individual employee of Taco Bell by directly supervising them, hiring management personnel, implementing policies and procedures for hiring and management, or conducting general safety inspections at Taco Bell restaurants. Thus, we find no basis for appellant's argument that PepsiCo was responsible for appellant's injuries.

In this case, the affirmative act which allegedly created a duty on the part of PepsiCo was the alleged negligent hiring of an individual who did not directly participate in the acts which caused appellant's injuries. *Compare Portlock,* 852 S.W.2d at 582–83 *with Johnson,* 749 F.2d at 1132–33. Absent a showing of an affirmative undertaking which would constitute direct participation on the part of PepsiCo in the circumstances eventuating in appellant's injuries, there is no basis for finding that PepsiCo had a legal duty to protect appellant from the injuries that occurred here. Therefore, we hold that PepsiCo cannot be held liable for appellant's injuries under any theory alleged. In addition, appellant has failed to demonstrate any material questions of fact which might give rise to a duty on the part of PepsiCo. Thus, appellant's first and second points of error are overruled, and the judgment of the trial court is affirmed.