**Opinion issued June 14, 2018.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00034-CV

———————————

**ULLICO CASUALTY COMPANY AND THE HONORABLE KAREN WELDIN STEWART, CIR-ML, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE, Appellants**

**V.**

**PELCO CONSTRUCTION COMPANY, INC., PELCO COMMERCIAL CONSTRUCTION INC., MATTHEW G. HARRIS, AND KIMBERLY A. HARRIS, Appellees**

---

**On Appeal from the 334th Judicial District
Chambers County, Texas
Trial Court Case No. CV-28808**

---

## MEMORANDUM OPINION

Appellants Ullico Casualty Company and the Honorable Karen Weldin

Stewart, CIR-ML, Insurance Commissioner of the State of Delaware ("Appellants"),

sued appellees Pelco Construction Company, Pelco Commercial Construction, Inc., Matthew Harris, and Kimberly Harris, alleging breach of the terms of an indemnity agreement and seeking indemnification for attorneys' fees incurred in another lawsuit. The parties filed cross-motions for summary judgment and the trial court granted summary judgment in appellees' favor. Appellants contend that the trial court erred in denying their motion for summary judgment and instead granting appellees' motion.

Before we address the merits of any case, we first must have jurisdiction. *See, e.g.*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). ("We adhere to the fundamental precept that a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided."). Subject matter jurisdiction "cannot be waived" and "may thus be raised at any time." *W. Orange-Cove Consol. I.S.D. v. Alanis*, 107 S.W.3d 558, 583 (Tex. 2003) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993)).

Appellees raise a colorable argument that Ullico Casualty Company lacks standing to seek indemnity for a loss (attorneys' fees) incurred by Ullico Casualty Group—a distinct entity. This question implicates the trial court's and our jurisdiction. *See, e.g.*, *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it."); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 670 (Tex. App.—Fort Worth

2001, pet. denied) ("Without a breach of a legal right belonging to a plaintiff, . . . he has no standing to litigate."); *see also PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 173 (Tex. 2007) ("Texas law presumes that two separate corporations are distinct entities"); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 799 (Tex. 2002) (quoting *Conner v. ContiCarriers and Terminals, Inc.*, 944 S.W.2d 405, 418–19 (Tex. App.—Houston [14th Dist.] 1997, no pet.)) ("To 'fuse' the parent company and its subsidiary for jurisdictional purposes, the plaintiffs must prove the parent controls the internal business operations and affairs of the subsidiary. . . . the evidence must show that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice."); *Abdel-Fattah v. PepsiCo, Inc.*, 948 S.W.2d 381, 384 (Tex. App.—Houston [14th Dist.] 1997, no writ) ("Courts simply will not disregard the separate legal identities of corporations on the basis of stock ownership or interlocking directorship. With the corporate veil intact, the two corporations are legally separate entities . . . .") (internal citations omitted).

Appellees raised this particular jurisdictional challenge for the first time on appeal. We cannot resolve the issue as a matter of law because there is at least one outstanding factual question: who paid the attorneys' fees underlying this dispute. Appellants argue that Ullico Casualty Company paid the fees, and they rely on an affidavit that refers to Ullico Casualty Company as the "surety" and later states that

the surety paid these fees. Conversely, Pelco emphasizes that Ullico Casualty *Group* was the defendant in the Chambers County lawsuit in which the fees at issue were incurred, and the invoices in the record are addressed to Ullico Casualty Group— and not Ullico Casualty Company.

The trial court must decide its subject matter jurisdiction before it or we can address the merits of the case. We thus remand for consideration of the trial court's subject matter jurisdiction.

## Conclusion

We vacate the trial court's judgment and remand this case for further proceedings consistent with this opinion.

Jennifer Caughey
Justice

Panel consists of Justices Bland, Lloyd, and Caughey.

4